Long v. Long.

## WILLIAM R. LONG

v.

## WILLIAM P. LONG.

*Administration—Advancements—Statute—Receipts—Ignorance of Law.*

1. An heir who has receipted for his share of an estate, less an advancement, can not subsequently recover a further sum from the administrator, upon the plea that the advancement was not evidenced as the law requires.

2. Upon appeal by the administrator from an order allowing a certain sum as the share of the appellee in an estate, this court declines to interfere, the receipts of other heirs being conclusive as to advancements made to them.

3. Relief on the ground of mistake in law is only granted in rare cases.

[Opinion filed May 25, 1889.]

APPEAL from the Circuit Court of Lee County; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. W. & W. D. BARGE, and W. E. IVES & SON, for appellant.

The acknowledgment in writing is a necessary part of the advancement, and the advancement is not made without such acknowledgment. Since, then, the advancement must be made in the lifetime of the intestate, and the acknowledgment in writing is a necessary part of that advancement, the acknowledgment in writing must also be made in the lifetime of the intestate. Long v. Long, 118 Ill. 638; Pigg v. Carroll, 89 Ill. 205; Bigelow v. Poole, 10 Gray, 104; In Re Ashley, 4 Pick. 21; Weatherhead v. Field, 26 Vt. 665; Sherwood v. Smith, 23 Conn. 516; Bigelow v. Rice, 22 Pick. 508.

And, if it be said that the administrator has settled with all the heirs excepting appellee, and taken receipts from them, it is a complete answer to say that they were made and given upon the basis and with the understanding that appellee had received his full share of the estate, and these settlements would not have been made or these receipts given on any other basis or understanding; and since it has been claimed by appellee, and decided by the courts, that he has not received his share of the estate, neither the appellant nor any of the other heirs is bound by that settlement or concluded by those receipts.

These receipts are not contracts, and may be explained or contradicted by parol evidence, and shown to have been given under a mistake, either in fact or in law. White v. Merrell, 32 Ill. 511; Russel v. Church, 65 Pa. St. 9; Gore v. Kline, 1 Harris, 60.

Where a mistake has been made in the settlement of an estate, it will be corrected, and the power of a court of probate is sufficient for the correcting of the mistake, and to relieve the administrator from the effects of it. Brandon et al. v. Brown, Ex'r, 106 Ill. 519; Seller's Appeal, 86 Conn. 186.

Mr. JOHN H. CRABTREE, for appellee.

LACEY, P. J. This was an appeal from the County Court of Lee county, from an order of that court in allowing to

appellee the sum of $5,240 as his distributive share of the estate of William Long, deceased, his grandfather.

It is insisted by appellant, a son of one of the heirs of William Long, deceased, that the appellee received by such order, too great an allowance; that while he was entitled to one-eighth only of said estate, he, by the order, received one-fourth of it. It appears that William Long, deceased, died in July, 1877, leaving surviving him no widow, but eight heirs, to wit: Appellant, William R. Long, John Long, Alexander Long, Elizabeth Coleman, Catherine McBurney and Margaret Chandler, his children, and William Jennings, John Jennings, Amanda Fisher and William P. Long, his grandchildren. William P. Long, the appellee, was entitled to a child's share, being the only surviving child of James Long, the deceased son of said William Long, deceased, and the other grandchildren above named were entitled to a child's share, as the children and heirs of Julia Ann Jennings, deceased, the daughter of the deceased William Long. The said William Long, deceased, died leaving real and personal estate to the amount of $20,960, as fixed by the court in its decision upon appellee's exceptions to appellant's administrator's report, filed November 1879, and the court made an order requiring the appellant to pay to appellee, as his distributive share of the estate, the sum of $5,240, from which order appellant took an appeal to the Circuit Court. During the pendency of the appeal and before the cause was tried in the Circuit Court, Alexander Long, Elizabeth Coleman, Catherine McBurney, William Jennings and John Jennings, by their guardian, Amanda Fisher, filed their bill in equity in the Circuit Court of Lee county, against William P. Long and William R. Long, the administrators of William Long, deceased, in which it was alleged that the appellee had received his share of the estate, by way of advancements from William Long, deceased, and was hence entitled to no portion of the estate, and a temporary injunction was granted by the court, restraining appellant from paying any portion of said $5,240, allowed appellee by the County Court. Upon a final hearing the bill was dismissed and the injunction dissolved, and the decree was afterward

affirmed by this and the Supreme Court, upon respective appeals to those courts. See Long v. Long, 19 Ill. App. 383, and same v. same, 118 Ill. 638.

It appears that the appellant made out his report of final settlement above mentioned, on the theory and basis that several of the heirs received their shares of the estate of William Long, deceased, in whole or in part in his lifetime, by way of advancements, as follows: The appellant in full and John Long in full, save $116, and Catherine McBurney in full, save $50; Margaret Chandler in full, save $200; Alexander Long, all except $4,000. The Jennings heirs received by way of advancements the sum of $1,120, paid to their mother by William Long in his and her lifetime. All the heirs above named except the appellee acquiesced in the report, took no exception to it, and received the balance of their allowance, and all receipted in full except the appellee, who alone resisted, being charged with the alleged advancement to him, and succeeded in defeating the claimed advancement on the ground that it was not evidenced as required by the statute; that is, the gift or grant claimed as an advancement was not expressed or charged in writing to the estate as an advancement, or acknowledged in writing by the appellee, although there was evidence going to show that he had in fact received his share, as intended by the deceased and himself, by way of a deed for a valuable tract of land. As to John Long and appellant, the evidence shows that the amounts received by them respectively was so received with an express agreement between them and their father, that the amounts should be taken in full for their expectancy in their father's estate. This, under the rule laid down in Bishop v. Davenport, 58 Ill. 110 and Galbraith v. McLain, 84 Ill. 379, would bar them from claiming any shares in their father's estate. Alexander Long, with a full knowledge of all the facts, executed his receipt in full to the administrator for his full share, having received, as a balance, $4,000 from the administrator. The same is true as to Elizabeth Coleman, who receipted for her advancement with a full understanding of the charge, amounting to about $463. The same may be said of the Jennings heirs. It is

insisted by counsel for the appellant that the parties who have received and receipted for the above claimed advancements may hereafter come into the County Court and ask for a re-adjustment of the settlement of the estate and claim their full share, notwithstanding that they have settled for and allowed the advancements, with a full knowledge of the facts in the case. It is thought also that they were mistaken in the law in regard to the allowance of advancements, and that they were not aware of the provisions of the statute requiring charges for advancements to be in writing, or acknowledged in writing, to be legal advancements.

In the first place, we may remark that the evidence fails to show that any of the parties who have receipted on the basis of advancements were not fully advised as to the statute, or that they would have claimed their respective shares in full if they had been so advised. Courts of law and equity, except in extraordinary cases, will not relieve against mistakes of law, and we do not deem this one of that class of cases where the courts should interfere to grant relief on the grounds of a mistake of law. The law as to advancements is regulated by the statute, and can be ascertained by reference to its provisions, and parties to avail themselves of its provisions must insist on it before allowing advancements in settlement of claims against estates. If the deceased made the advancements with the intention of charging them as such, and failed on account of his ignorance of the statute, and his children were alike in ignorance of such statute, but knew his intention, good conscience, though not the law, would require them to allow the claim for advancements, and if they allowed them before they ascertained that they could not be legally charged to them, the law would not be swift to grant them relief on the grounds of such a mistake. And when it is considered that relief on the ground of a mistake in law is only granted in rare cases, it is readily perceived that it ought not to be granted in a case like this, where a court of equity could only feel that such heirs had only done what good conscience required them to do—allowed the charge of advancements. The case of Brandon v. Brown, 106 Ill. 519, can not be regarded as appli-

cable, even if the heirs should undertake to compel the administrator to re-adjust their claims. In that case the administrator's report was allowed to be charged where strong equity demanded it, and by it a great wrong was prevented. We can not see from the evidence how the administrator can be harmed by the allowance of appellee's claim.

It has not been shown to us that the amount of it is too large, if the advancements are allowed as suited and repealed by the administrator. Perceiving no error in the record or judgment in the court below, the judgment is affirmed.

*Judgment affirmed.*